UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAN SAFRA,<br><br>       Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., a Washington Corporation, HOLLAND AMERICA LINE N.V., a Curacao Corporation, and HAL ANTILLEN N.V. a Curacao Corporation.<br><br>       Defendants. | AT LAW AND IN ADMIRALTY<br><br>No.<br><br>**AMENDED COMPLAINT FOR PERSONAL INJURY**<br><br>**JURY TRIAL DEMAND** |

COMES NOW Plaintiff Dan Safra by and through his attorney of record, Charles Moure, to aver and state as follows:

### I.   JURISDICTION

This is a claim for personal injuries sustained aboard the cruise vessel, M/S ZAADAM (the "Vessel"), on navigable waters, against the owners, charterers, and operators of the Vessel. This court has jurisdiction under 28 U.S.C. § 1333 due to the maritime nature of the claims.  Jurisdiction is also based on diversity of the citizenship of the parties, 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00.

AMENDED COMPLAINT FOR PERSONAL INJURY - 1

**Moure Law, pllc**
**1700 Seventh Avenue**
**Seattle, WA 98101**
**206-695-9202**

## II. VENUE

Venue is based upon 28 U.S.C. § 1391 in that defendants Holland America have their principal place of business in Seattle, Washington. Venue also lies in this Court pursuant to the terms of the passenger contract.

## III. PARTIES

At all times relevant and material to this complaint, Plaintiff Dan Safra was and is a citizen of Florida at 624 West Moss Wood Trace, Ponte Vedra Beach, Florida 32082.

Defendant Holland America Line, Inc. is a Washington corporation with its principal place of business in Seattle, Washington. At all times relevant and material to this complaint, defendant Holland America Line, Inc., was the operator of the vessel, and the agent of the defendants Holland America Line N.V. and HAL Antillen N.V.

Defendant Holland America Line N.V. is a Curacao corporation with its principal place of business in Seattle, Washington.  At all material times, Holland America Line N.V. was the operator and charterer of the vessel.

Defendant HAL Antillen N.V. is a Curacao corporation and at all material times was the owner of the Vessel.

## IV. FACTUAL BACKGROUND

Dan Safra purchased a seven (7) night cruise to Alaska aboard the MS ZAADAM on August 9, 2016 (booking number HK8KCQ) in order to celebrate his birthday with his girlfriend Laura. The cruise would depart from port in Seward, Alaska on September 4, 2016 and visit Glacier Bay, Juneau, and Ketchikan before arriving in Vancouver, British Columbia on September 11, 2016.

Mr. Safra stayed in Cabin #3065, on the third deck of the Vessel. On September 8, 2016, while Mr. Safra, a fare-paying passenger, was in the shower, the toilet in his cabin backed up and began to overflow. Mr. Safra noticed the foul stench in the bathroom. He stepped out of the shower to investigate and slipped on the liquid waste located on the bathroom floor. Mr. Safra lost his balance and fell backwards into the shower, sustaining an injury to his left shoulder.

He entered the shower again to clean his body. The smell continued to grow worse. When Mr. Safra exited the bathroom, he still smelled the liquid waste in his Cabin. Mr. Safra immediately reported the incident to the Guest Relations Associate, Janine Tulawan. Ms. Tulawan arranged for Mr. Safra to change cabins, but downgraded him in the process, placing him in Cabin #1972 on the first deck.

Mr. Safra's new cabin was not free from plumbing problems. Cabin #1972's toilet did not work properly. Mr. Safra reported the issue to Guest Relations and a plumber was sent to the room. The plumber explained that the pipes on the lower level of the vessel always have issues and tend to back up due to age.

The following morning, Mr. Safra asked to disembark the ship due to the numerous problems he encountered and his lack of sleep due to the pain in his shoulder and the inconvenience of moving from one cabin to another. The Guest Relations team refused to permit Mr. Safra's request. Instead, they placed Mr. Safra back into his old cabin on the third deck.

Mr. Safra's left shoulder continued to cause him pain for the rest of the trip. Mr. Safra canceled his remaining excursions because of the pain in his shoulder. He did not sleep well for the remainder of the cruise.  Mr. Safra disembarked in Vancouver, BC on September 11, and departed home to Florida on September 12.

AMENDED COMPLAINT FOR PERSONAL INJURY - 3

Moure Law, pllc
1700 Seventh Avenue
Seattle, WA 98101
206-695-9202

Immediately upon Mr. Safra's return home in Florida, he scheduled a meeting with David E. Kemp, DC. DCANB, FABBIR, from Kemp Chiropractic located at 4169 University Blvd. South, Jacksonville, Florida 32216, for the first opening that he had available. On September 14th, 2016, Mr. Safra visited Dr. Kemp. Dr. Kemp determined that Mr. Safra required six (6) to eight (8) weeks of conservative care involving physical therapy and neuro muscular rehabilitation for his recent fall that resulted in a sprain and strain to his left shoulder and cervicothoracic spine.

On October 12th, Dr. Kemp revised Mr. Safra's treatment plan. Dr. Kemp noted that Mr. Safra's progression was slower than expected and required an additional ten (10) to twelve (12) weeks of physical therapy and neuro muscular rehabilitation. Dr. Kemp also referred Mr. Safra to see a general practitioner for an MRI.

Mr. Safra was referred to Precision Imaging Centers for his MRI by Dr. Alexander Moore. Mr. Safra had the MRI on November 17th. The image showed his shoulder arthroscopy with decompression and a torn rotator cuff along with other internal injuries.

Mr. Safra continued regularly visits to Dr. Kemp throughout November and December. He also went to see a Dr. Bahri at Bahri Orthopedics and Sports Medicine Clinic, P.L. who recommended surgery.  Dr. Bahri also recommended physical therapy twice a week, and now once a week, which is ongoing.

At all times material and relevant to this complaint, the area in which Plaintiff was injured on Defendants' Vessel was under the exclusive control of Defendants.

Defendants could have prevented or mitigated the Plaintiff's injuries by, among other things:

(a) Implementing policies and procedures regarding routine maintenance and repair of essential toilet facilities;

AMENDED COMPLAINT FOR PERSONAL INJURY - 4

(b) Warning passengers.

Defendants' failure to take such measures to ensure the safety of cruise passengers falls short of industry practice.

## V. CAUSE OF ACTION

### Negligence

Plaintiff realleges each allegation set forth in paragraphs above as though fully set forth herein.

Defendants owed a duty to warn Plaintiff and the other passengers and invitees on the Vessel of the hazards posed aboard the Vessel.

Defendants knew and/or should have known that their failure to warn passengers and invitees on the Vessel of the hazards could lead to injuries to those passengers and invitees.

Defendants owed a duty to maintain, inspect, operate, and otherwise control the Vessel, including all toilet and bathroom amenities, and to provide a hazard-free environment, so that it would be safe for use by its passengers and invitees, including Plaintiff.

Defendants knew or should have known of the dangerous conditions posed by faulty equipment, and that a dangerous condition would cause injuries to passengers and invitees in the Vessel, absent adequate and routine monitoring, maintenance and repair measures.

The circumstances under which Dan Safra was injured were such that Mr. Safra could not have incurred those injuries except by defendants' negligence.

Defendants' negligence consisted of, among other things, the following:

(a) Allowing a dangerous condition to exist that defendant knew or should have known created a dangerous hazard to passengers and invitees;

(b)   Failing to operate the Vessel in a safe and responsible manner;

(c)   Failing to warn passengers of the dangerous, hazardous, and unsafe conditions on the Vessel;

(d)   Failing to take responsible precautions against dangerous, hazardous, and unsafe conditions of the Vessel's bathroom facilities;

(e)   Failing to maintain the Vessel's bathroom facilities;

(f)   Failing to make reasonable efforts to ensure that passengers, such as the Plaintiff, would not sustain injury while in the Vessel's bathroom facilities;

(g)   Failing to adequately monitor and identify equipment in need of repair in the Vessel's bathroom facilities;

(h)   Failing to warn or adequately warn passengers, including the Plaintiff, to be careful using bathroom facilities;

(i)   Failing to properly and adequately hire and/or instruct agents and/or employees as to safe and proper operation, maintenance, inspection, and correction and repair of dangerous conditions on the Vessel, including the dangerous condition or conditions that caused Plaintiff's injuries;

(j)   Such other negligent acts and/or failures to act as may be revealed during the course of this action.

Defendants negligent actions and failures to act directly and proximately caused Mr. Safra's bodily injury and severe physical pain.

Defendants had a duty to protect Mr. Safra from dangers unique in maritime travel.

Defendants breached their duties by acting negligently and by negligently failing to act.

AMENDED COMPLAINT FOR PERSONAL INJURY - 6

**Moure Law, pllc**
**1700 Seventh Avenue**
**Seattle, WA 98101**
**206-695-9202**

Defendants' breach of their duties to Mr. Safra directly and proximately caused Mr. Safra's physical injuries.

As a direct and proximate result of Defendants' negligence, Mr. Safra required medical attention and care for his injuries.

As a direct and proximate result of Defendants' negligence, Mr. Safra incurred expenses for medical care, for which defendants are liable.

As a direct and proximate result of Defendants' negligence, Mr. Safra has incurred expenses and losses, for which defendants are liable.

As a direct and proximate result of Defendants' negligence, Mr. Safra suffered and will continue to suffer physical pain, aches, inconveniences, and loss of life's pleasures, for which defendants are liable.

## VI. JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this court enter judgment in his favor, against Defendants, jointly and severally, as follows:

(a) For general, special, incidental, and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the Defendants and or their agents, employees, and all other persons or entities which may be vicariously liable, in an amount to be proven at trial;

(b) For medical costs and expenses, in an amount to be proven at trial;

(c) For costs and disbursements already incurred;

AMENDED COMPLAINT FOR PERSONAL INJURY - 7

**Moure Law, pllc**
**1700 Seventh Avenue**
**Seattle, WA 98101**
**206-695-9202**

1     (d)    For prejudgment interest and attorneys' fees, to the extent permitted by law or equity;

2     (e)    For other such relief as the Court deems just and equitable.

DATED this September 6, 2017.

                            MOURE LAW, pllc

                            By <u>/S Charles Moure</u>
                                Charles P. Moure, WSBA#23701
                                Attorney for Plaintiff, Dan Safra

AMENDED COMPLAINT FOR PERSONAL INJURY - 8

**Moure Law, pllc**
**1700 Seventh Avenue**
**Seattle, WA 98101**
**206-695-9202**